ELECTRONICALLY FILED
Apr 19 2017
U.S. DISTRICT COURT
Northern District of WV

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | |
|---|---|
| BARBARA TENNEY, an individual; | CASE NO.: 1:17-CV-60 (Keeley) |
| Plaintiff, | COMPLAINT FOR VIOLATION OF ERISA SECTION 502(a)(1)(B); |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation; FIRSTENERGY SERVICE COMPANY YOUR BENEFIT PLAN, an Employee Benefit Plan; and DOES 1 through 5, inclusive; | [29 USCS 1132(a)(1)(B)] [29 USCS 1132(g)] |
| Defendants. | |

Plaintiff, Barbara Tenney, alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Marion County, West Virginia. She was an employee of FirstEnergy Service Company, and by virtue of said employment she qualified for disability benefits through the FirstEnergy Service Company Your Benefit Plan.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Metropolitan Life Insurance Company, is a corporation existing under the laws of New York and doing business in the Northern District of West Virginia.

1

3. Plaintiff is informed, believes and thereupon alleges that Defendant, FirstEnergy Service Company Your Benefit Plan, is an employee benefit plan existing under the laws of Ohio and doing business in the Northern District of West Virginia.

4. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged. The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained.

### Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e)(1) (Federal Question). Venue is additionally proper pursuant to 29 USC Section 1132(e)(2).

### Plan Provisions and Actions

6. The Plan was at all material times a duly organized, existing and qualified Plan. *A copy of the FirstEnergy Service Company Your Benefit Plan is attached hereto as Exhibit A and incorporated herein by reference.*

7. The Plaintiff was an employee of FirstEnergy Service Company, and was duly qualified participant in the Plan at all material times hereto. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

8. The Your Benefit Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

9. The Your Benefit Plan that Defendant, Metropolitan Life Insurance Company sold FirstEnergy Service Company, contains "any occupation" and "own occupation" definitions of disability. These definitions can be found in the May 20, 2016 letter denying Plaintiff additional disability benefits:

> **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:
>
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn:
> - during the Elimination Period and the next 18 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Job; and
> - after such period, more than 80% of your Predisability Earnings from any employer in the Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.
>
> For purposes of determining whether a Disability is the direct result of an accidental injury, the Disability must have occurred within 90 days of the accidental injury and resulted from such injury independent of other causes.

10. In March of 2014, the Plaintiff worked her last day of work and became totally disabled by virtue of her inability to work as required by the Plan.

11. The Plaintiff applied and was approved for long term disability ("LTD") benefits through the "own occupation" period of disability.

12. Plaintiff was denied additional LTD benefits by letter dated May 20, 2016.

13. Plaintiff retained the undersigned counsel, and an appeal of this May 20, 2016 denial of additional LTD benefits was filed by the undersigned with Defendant, Metropolitan Life Insurance Company on November 11, 2016.

14. This appeal of Plaintiff's denial of additional LTD benefits was denied by letter from Defendant, Metropolitan Life Insurance Company dated December 23, 2016.

15. This December 23, 2016 denial letter fully exhausted Plaintiff's administrative remedies.

16. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and the opinions of her treating physician, *See Exhibit B*.

17. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

18. The Court has authority to review the decision of the Plan de novo.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Metropolitan Life Insurance Company, FirstEnergy Service Company Your Benefit Plan, and DOES 1 through 5, inclusive.)**

19. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive.

20. The Plaintiff is due rights and benefits under the terms of the Plan.

21. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

22. The decision denying the Plaintiff the rights and benefits due to the Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith.

23. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

24. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to be proven.

25. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages in an amount to be proven. Such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award Plaintiff a money judgment for all sums owed to Plaintiff;

3. Awarding Plaintiff prejudgment interest to the date of judgment;

4. Awarding Plaintiff's attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated: 18th day of April, 2017

**UNDERWOOD LAW OFFICES**

By: *J. Patrick L. Stephens*
J. Patrick L. Stephens, WVSB #10262
Counsel for Plaintiff
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (304) 399-5449
Email: pstephens@underwoodlawoffices.com